CLERK US DISTRICT COURT
NORTHERN DIST. OF TX.
FILED

2017 AUG 22 PM 2:37

DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| KIMBERLY MALLETT, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:17-CV-00126-BL |
| | § | |
| WALT DISNEY PIXAR, | § | |
| | § | |
| Defendant. | § | |

## REPORT AND RECOMMENDATION

Plaintiff Kimberly Mallett files this complaint and a motion to proceed *in forma pauperis*, alleging the films Brave and Frozen were written about her without her consent, and supplements the complaint in a letter which alleges faith healer Peter Popoff sold this information about her that he gained through his ministry for his personal profit. (Docs. 1; 3; 6). Mallett's complaint does not check any box on the cover sheet indicating a basis of jurisdiction, and characterizes the complaint as alleging a violation of "other civil rights." (Doc. 1-1). Federal Rule of Civil Procedure 12(h)(3) requires a court lacking subject-matter jurisdiction to dismiss the complaint, and 28 U.S.C. § 1915(e)(2) reads "the court shall dismiss the case at any time if the court determines that … the action … is frivolous or … fails to state a claim on which relief may be granted." A complaint is frivolous under § 1915 when there is no viable legal theory. *Davis v. Scott*, 157 F.3d 1003, 1005 (5th Cir. 1998).

From the text of the letter supplementing her complaint, it is unclear which "other civil rights" Mallett believes were violated by Disney. This letter is fairly summarized as alleging that Peter Popoff and his ministry learned Mallett did not want to be married, then sold that information to Disney, who made the movie Brave about a young woman who does not want to be married,

and later made the movie Frozen with another character Mallet believes is similar to her. The similarities of these films to her life have caused her spiritual distress and hardship in her personal relationships. It is unclear, though, how Mallett believes the similarities of the movies to her life and the impact they had on her could be addressed by the court under a viable legal theory.

Her complaint is insufficiently plead to "permit the court to infer more than the mere possibility of misconduct" and is therefore deficient under Federal Rule of Civil Procedure 8(a)(2) and fails to state a claim upon which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Mallett provides no legal theory for finding a violation of her civil rights and does not sufficiently allege facts that would permit reading her complaint as pleading other causes of action. The motion to proceed *in forma pauperis* (Doc. 3) appears well-founded and is **GRANTED**. However, as Mallett does not assert a viable claim under the jurisdiction of this court, the undersigned United States Magistrate Judge **RECOMMENDS** the Senior United States District Judge **DISMISS** the case without prejudice under § 1915(e) as failing to state a claim on which relief can be granted if Mallett does not amend her complaint to comply with the pleading requirements of the Federal Rules within 14 days of the date this report and recommendation is adopted. The undersigned also **ORDERS** service be stayed in this case pending further order, and that this case is **TRANSFERRED** to the docket of Senior United States District Judge Sam R. Cummings. After that reassignment, the undersigned may continue to exercise all powers permitted by 28 U.S.C. §636(b) unless otherwise directed by Judge Cummings. (Doc. 5; *See* Second Am. Special Order No. 3-301).

A copy of this Report and Recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this Report and Recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C.

§ 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the District Court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

Dated August 22, 2017.

E. SCOTT FROST
**UNITED STATES MAGISTRATE JUDGE**